Filed 8/28/23  In re A.B. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| In re A.B., a Person Coming Under the Juvenile Court Law. | C097516 |
| PLACER COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>A.H.,<br><br>Defendant and Appellant. | (Super. Ct. No. 53-005187) |

Appellant A.H., mother of the minor (mother), appeals from the juvenile court's orders terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Mother contends the Placer County Department of Health and Human Services (the Department) and the juvenile court failed to comply with the initial

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

1

inquiry requirements of the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) and related California law. The Department does not dispute the inquiry in this case was inadequate and does not oppose a conditional affirmance with instructions for compliance with the ICWA. We shall conditionally affirm, subject to further ICWA compliance.

We incorporate the relevant facts into our discussion of the issue.

DISCUSSION

A.B. was adjudged a dependent of the juvenile court following a jurisdiction and disposition hearing held on June 15, 2021. Reunification services were ordered for mother but denied for the then-alleged father. Finding that mother had made minimal progress in those services, and had not maintained regular visitation with A.B., the juvenile court terminated mother's reunification services at the 12-month review hearing held on June 7, 2022, and a section 366.26 hearing was scheduled. The parents' rights were subsequently terminated on October 25, 2022.

Mother contends that, although the parents were asked about and denied Native American ancestry, the Department and the juvenile court nonetheless failed to fully comply with the initial inquiry requirements of the ICWA because available relatives were not asked about possible Native American ancestry. We shall accept the Department's concession that conditional affirmance and remand for further ICWA compliance is appropriate.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' " (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian

2

tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) The juvenile court and the Department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).) The juvenile court must also ask participants in a dependency proceeding upon each party's first appearance whether the participant knows or has reason to know that the child is an Indian child *and* order the parent to complete a Parental Notification of Indian Status Judicial Council form (ICWA-020 form). (*In re Austin J.* (2020) 47 Cal.App.5th 870, 883; see also 25 C.F.R. § 23.107(a) (2023); § 224.2, subd. (c); Cal. Rules of Court, rule 5.481(a).)

Due to changes in California law over the past few years, agencies now have a broader duty of inquiry and a duty of documentation (§ 224.2, subd. (b); Cal. Rules of Court, rule 5.481(a)(5)), and courts have been tasked with determining how to assess error when the agency fails to discharge its now-broad duty of inquiry. We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.) Not every error by an agency in discharging its duties under section 224.2, subdivision (b), will undermine the juvenile court's ICWA finding under section 224.2, subdivision (i)(2), but the court's ability to exercise discretion in this regard is dependent on adequate record development by the department or agency. Agencies have often conceded error and, therefore, disposition of the issue on appeal has often turned on whether the error was prejudicial.

Although reviewing courts have generally agreed that reversal is dependent on showing prejudice, or a miscarriage of justice, approaches for assessing prejudice have varied. (See, e.g., *In re E.V.* (2022) 80 Cal.App.5th 691, 698; *In re Dezi C.* (2022) 79 Cal.App.5th 769, review granted Sept. 21, 2022, S275578; *In re J.C.* (2022) 77 Cal.App.5th 70, 80; *In re A.C.* (2021) 65 Cal.App.5th 1060, 1069; *In re Benjamin M.*

(2021) 70 Cal.App.5th 735, 744; *In re G.A.* (2022) 81 Cal.App.5th 355, review granted Oct. 12, 2022, S276056.)

The California Supreme Court has granted review in *In re Dezi C., supra*, 79 Cal.App.5th 769, and we anticipate further clarification on this issue. Until such time, we accept the Department's concession that remand for further ICWA compliance is warranted.

When the Department filed the section 300 petition, it reported that mother had "no Native Ancestry" and that the father was not asked because there was no contact information for him. At the initial detention hearing, both parents appeared and informed the juvenile court they did not have Indian ancestry, although neither completed an ICWA-020 form. The maternal grandmother and a paternal cousin also appeared at the hearing, but neither was asked about possible Indian ancestry. Based on the parents' representations, the juvenile court found the ICWA did not apply.

Mother was thereafter asked about Indian ancestry again prior to the preparation of the jurisdiction/disposition report, the six-month review report, and the 18-month review report. She continued to deny Indian ancestry. At the 18-month review hearing, after genetic testing, the father was elevated from alleged father to biological father. In the various reports prepared by the social worker for the disposition and the review hearings, it was revealed that the Department had knowledge of many, and contact with several, extended family members. Nonetheless, there is no indication the Department asked any of the extended family members about possible Indian ancestry.

In light of the Department's concession, the record, and the remedial purpose underlying the ICWA and related California law intended to protect third party rights, we apply the analytical framework set forth by the California Supreme Court in *In re A.R.* for assessing harm and we conclude the error is prejudicial. (*In re A.R.* (2021) 11 Cal.5th 234, 252-254.) Although the parents were asked about Indian ancestry, the juvenile court and Department nonetheless failed to ensure a reliable finding that ICWA does not apply,

4

and remanding for an adequate inquiry in the first instance is the only meaningful way to safeguard the rights at issue. (*In re A.R.*, at pp. 252-254.) Accordingly, we remand the case to the juvenile court for further proceedings to address compliance with the inquiry and notice provisions of the ICWA and entry of new orders regarding the applicability of the ICWA.

## DISPOSITION

The orders terminating parental rights are conditionally affirmed, subject only to full compliance with the ICWA as described by this opinion. If, on remand, the juvenile court determines the ICWA applies, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing. (25 U.S.C. § 1914; § 224, subd. (e).) On remand, the parents shall have counsel reappointed and be provided due process, including notice and the right to be heard, for all ICWA compliance proceedings.

/s/  
EARL, P. J.

We concur:

/s/  
HULL, J.

/s/  
MESIWALA, J.